**ALBERTSON & CO., Inc., v. ALVORD REAMER & TOOL CO., et al.**

No. 586.

District Court, M. D. Pennsylvania.

July 31, 1931.

Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., and Wm. N. C. Marsh, of Lewisburg, Pa., for plaintiff.

Howson & Howson, of Philadelphia, Pa., and James Gardner Sanderson, of Scranton, Pa., for defendants.

JOHNSON, District Judge.

This suit concerns the alleged infringement of letters patent of the United States No. 1,599,266, issued September 7, 1926, to Albertson & Company as assignee of Frans C. Albertson, the applicant. The subject-matter of the patent is a cutting tool of the reamer class specifically adapted for use as a refacer for valve seats of internal combustion engines.

The defendants are two Pennsylvania corporations located at Millersburg, Dauphin county, Pa., the Alvord Reamer & Tool Company and the A. J. Polk Company, together with L. H. Swind, J. M. Bossard, Edward Newland, A. W. Pickford, A. D. Swift, and M. V. Wilkinson. By stipulation of counsel, the bill of complaint was dismissed as to the individuals L. H. Swind and J. M. Bossard. It was also stipulated that none of the individual defendants have any connection with the alleged infringement except as members of the creditors' committee "having general, but not detailed charge of the affairs of said corporate defendants." The creditors' committee conducted the business of the two corporations under the name "Alvord-Polk Tool Company."

Defendants are charged with infringement of each of the three claims of the Albertson patent by the making and selling of tools which in appearance and in fact are

copies of the tool of the patent in suit. This has not been denied by defendants, who rely upon three main defenses: First, that in view of the knowledge of the art prior to the alleged invention by Albertson, the patent in suit is devoid of patentable novelty; secondly, that the patent in suit is invalid for lack of patentable invention on the patent to Lutz and Reiss, No. 93,212; and, thirdly, that Albertson was not the first inventor because of the prior knowledge and use of the alleged invention by Franklin Machine & Tool Company of Springfield, Mass., and others.

The record shows that it has long been common practice in the metal cutting art to use two types of reamers, a roughing reamer to rough out the work, and a finishing reamer to give the final smoothness. Prior to the Albertson invention, however, the valve seat repair tools were capable of action upon the valve seat only after the hard surface stratum or crystallized film had been removed by make-shift and unsatisfactory methods.

Albertson, the inventor, had been working on this problem for some years, and on December 20, 1919, filed an application for a patent on a valve-seat reamer which he thought would accomplish the desired result. When he discovered that it could not successfully be used to reface the hardened seat, he developed the reamer of the patent in suit.

The step which Albertson took was a very simple one. Plain tooth refacing tools had been long in use for finishing work on valve seats. What Albertson did was to divide the teeth by spaced nicks into short tooth sections, so that three or four of these sections engage simultaneously across the narrow width of the valve seat. This resulted in an improved mode of operation. The new tool successfully penetrated and removed the hardened surface stratum of the valve seat, thus performing a function which the old tools never could perform. The invention has been commercially successful and has almost universally replaced the earlier reamers for the purpose.

■ If a particular result was long desired and sometimes sought but never attained, want of invention cannot be predicated of a device or process which first reached that result on the ground that the simplicity of the means is so marked that many believed that they could readily have produced it if required. Walker on Patents (6th Ed.) p. 74.

■ After a consideration of the prior art, it is evident that the patent in suit, while of very narrow scope, is not devoid of patentable novelty.

■ Defendants' second defense claims that the patent in suit is invalid in view of the prior patent to Lutz and Reiss, No. 93,-212. This patent covers an improved milling tool, in the form of a "metallic disk having cutting blades on its periphery which may be parallel or oblique to the axis of rotation, and with similar radial cutting blades on one or both sides, the edges of which may be perpendicular to the edges of those on the periphery, or inclined thereto, as may be desired and of all which cutting blades the edges are notched * * * in such manner that the notches in one blade are more or less covered by, or in line with cutting portions of the next blade * * * so that the whole width of the blades will cut."

In the specifications it is made clear that the purpose of the notches was to permit the ready passage of shavings through them without retarding the progress of the blades.

The Lutz patent was cited against the patent in suit by the examiner before the patent was granted and the claims were amended to distinguish them from the invention covered by the Lutz patent. One element of claim 1 of the patent in suit is that "the notches of the several teeth being disposed in spiral formation so that no one of said piercing points is tracked by a corresponding piercing point of a following tooth." This element is also present in the other two claims of the patent in suit.

The fact that the Lutz patent was cited and the patent allowed over the citation raises the presumption of validity. This presumption should not be overthrown lightly. Moreover, the Lutz cutter, or milling tool, was intended to operate on soft metal. Cutters to operate on soft metal, nicked to shorten the chips produced thereby, were for many years known to all mechanics. Albertson was the first to nick the teeth of a cutter which was to be put to the job of coping with the harder-than-steel stratum of a valve seat.

Defendants have presented a reamer which they claim has been manufactured according to the teaching of the Lutz patent. This reamer is practically identical with the device of the patent in suit.

A careful study of the Lutz patent, however, shows that it would be necessary to modify it considerably to arrive at the device of the patent in suit. The Lutz device was a metallic disk with nicked blades so positioned

that the nicks were in alignment. A prior use which requires modification to perform the function of the patent attacked is not anticipation. Motor Improvements v. General Motors Corp. (C. C. A.) 49 F.(2d) 543, 551.

The patent in suit is not invalidated by the Lutz and Reiss patent, No. 93,212.

The third defense put forward by defendants is that Albertson was not the first inventor because of the prior knowledge and use of the alleged invention by Franklin Machine & Tool Company of Springfield, Mass., and others. It is alleged that in 1919, a valve seat refacer substantially similar to that covered by the patent in suit was developed by employees of the Franklin Machine & Tool Company and that it was discarded in favor of a different type. In May, 1923, the company was absorbed by the Van Norman Machine Tool Company. Subsequently, upon demand by the trade for a more finished product, the company manufactured and sold a device which is substantially similar to that covered by the patent in suit. An infringement suit against the Van Norman Company has been threatened.

There are seven witnesses to the alleged development by the Franklin Machine & Tool Company of an anticipating device. Four of the witnesses are connected with the Van Norman Machine Tool Company, while a fifth sold machines for the company. Six of the witnesses testified that some time prior to May, 1923, there was developed by the Franklin Machine & Tool Company a device with nicked teeth which was tested and discarded. No evidence was produced of any sale of this device, and no nicked tooth cutting reamer developed prior to the application for patent in suit was produced.

Mr. Van Norman, president and manager of the Van Norman Machine Tool Company, produced in the office of counsel for plaintiff in Chicago in 1926 a device purporting to be one of the original nicked tooth reamers made in 1919. This reamer subsequently disappeared. Mr. Van Norman testified that he had gotten it from his works manager, Oscar S. Johnson, who was an official of the Franklin Machine & Tool Company. Mr. Johnson's testimony is contradictory to this. He says that he has not seen one of these devices since it was discarded, about the year 1919.

The testimony of defendants' witnesses shows that a nick-toothed cutting reamer was experimented with, but the evidence is not sufficiently clear that the device was substantially the device of the patent in suit.

In a decision handed down by the Circuit Court of Appeals for the Sixth Circuit on February 13, 1931, in the case of United Shoe Machinery Corporation v. Day Wood Heel Co., 46 F.(2d) 897, 899, it was said: "Anticipation cannot be proven alone by the number of witnesses introduced to support it. Barbed Wire Case, 143 U. S. 275, 12 S. Ct. 443, 36 L. Ed. 154; American Bell Tel. Co. v. People's Tel. Co. (C. C.) 22 F. 309. It must be determined by a consideration of the evidence in the aggregate, and, so treating it, the case is not free from reasonable doubt. Giving due weight to the testimony of these witnesses taken 12 to 15 years after their purported knowledge of the anticipating heels, it is entirely too uncertain whether the heels and method for making them were sufficiently similar to plaintiff's patent to constitute anticipation. Deering v. Winona Harvester Works, 155 U. S. 286, 301, 15 S. Ct. 118, 39 L. Ed. 153."

"The oral testimony of many witnesses, if unsupported by any evidence consisting of documents or things, must be very reasonable and very strong, in order to negative novelty." Walker on Patents (6th Ed.) page 142.

The conduct of the Franklin Machine & Tool Company in discarding their experimental nicked-tooth cutting reamer appears to support the opinion that it differed from the device covered by the patent in suit which was immediately successful and which drove out of the market the double end reamer with the burrs left on one end which had been developed by the Franklin Machine & Tool Company, and later manufactured by the Van Norman Machine Tool Company.

It appears that Albertson was the first inventor of the patent in suit, and that his patent, while narrow in scope, is valid and entitled to protection. It has not been denied by the defendants that their device was substantially similar to that covered by the patent in suit. Every element of all three claims of the patent in suit can be read directly upon the defendants' device.

And now, July 31, 1931, it follows that plaintiff's patent No. 1,599,266, issued September 7, 1926, is valid and infringed by the defendants, and a decree for an injunction, reference, accounting, and costs may be prepared and submitted, in accordance with this opinion.